**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:  17–CV–24117–HUCK/McAliley**

GAYNISHA WILLIAMS, NATHANEL MARS,
SHANNON DANIELS, LAKEISHA
CHATFIELD, and LAKEISHA CHATFIELD ON
BEHALF OF HER MINOR DAUGHTER T.C.,

      Plaintiffs,

v.

MIAMI BEVERLY, LLC, LIBERTY
APARTMNETS, LLC, FREEDOM
APARTMENTS, LLC, DENISE VAKNIN, and
ABRAHAM VAKNIN,

      Defendants.

_____/

## ORDER SETTING CIVIL NON-JURY TRIAL DATE AND PRETRIAL SCHEDULE, REQUIRING MEDIATION AND REFERRING CERTAIN MOTIONS TO MAGISTRATE JUDGE

Bench trial is scheduled to commence during the two-week period commencing **Tuesday, May 29, 2018,** before the Honorable Paul C. Huck, United States District Judge, 400 North Miami Ave, 13th Floor, Courtroom 13-2, Miami, Florida.   Calendar call shall be held on **Wednesday, May 23, 2018, at 8:30 a.m.** at the same location.

IT IS ORDERED AND ADJUDGED as follows:

1.      No Pretrial Conference shall be held in this action, unless the parties so request or the Court determines, *sua sponte* that a pretrial conference is necessary.   Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

2.      Counsel must meet at least FIFTEEN (15) DAYS prior to the beginning of the trial calendar to confer on the preparation of a pretrial stipulation.

3.      The original and one (1) copy of a Joint Pretrial Stipulation must be filed on or before the date set forth below and shall conform to Local Rule 16.1(e).   The Court will not accept unilateral pretrial stipulations, and will strike sua sponte any such submissions.   Should any of the parties fail to cooperate in the preparation of the joint pretrial stipulation, all other parties shall file a certification with the Court stating the circumstances.   Upon receipt of such certification, the Court shall issue an order requiring the non-cooperating party or parties to show cause why such party or parties (and their respective attorneys) have failed to comply with the

Court's order.

4.       Each party shall file Proposed Findings of Fact and Conclusions of Law at least seven days prior to the trial date.  Proposed Conclusions of Law shall be supported by citations of authority.  Copies shall be delivered to chambers at the time of filing, either by hard copy or by electronic mail (preferred). Electronic documents should be compatible with Microsoft Word.

5.       All exhibits must be pre-marked.  Plaintiff's exhibits shall be marked numerically. Defendants' exhibits shall be marked alphabetically.  A typewritten exhibit list setting forth the number, or letter, and description of each exhibit must be submitted at the time of trial.  The parties shall submit said exhibit list on Form AO 187, which is available from the Clerk's office.

6.       A Motion for Continuance shall not stay the requirement for the filing of a Pretrial Stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which the trial calendar is scheduled to commence.  A continuance of the trial date will be granted only on a showing of compelling circumstances.

7.       Non-compliance with any provision of this Order may subject the offending party to sanctions, including dismissal of claims or striking of defenses.  It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

8.       The following timetable shall govern the pretrial procedures in this case.  This schedule shall not be modified absent compelling circumstances.  **All motions for an enlargement of time for discovery and relating to dispositive motions must include a statement as to whether the requested extension will affect the trial date or any other deadline set forth in this timetable.**

**Days prior to**
**Trial Date**

| | |
|---|---|
| 85 days | Motions to join additional parties and amend pleadings must be filed. |
| 85 days | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial.  Only those expert witnesses identified by name shall be permitted to testify. |

-2-

| | |
|---|---|
| 60 days | Plaintiff shall furnish opposing counsel with a written report from each expert intended to be called at trial.  Within the fourteen (14) day period following service of each expert's written report, Plaintiff shall make his experts available for deposition by opposing counsel.  The experts' depositions may be conducted without further order from the Court. |
| 60 days | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial.  Only those witnesses identified by specific name or title (not by category or by adoption by reference) shall be permitted to testify. |
| 60 days | Defendants shall furnish opposing counsel with a written list containing the names and addresses of all expert witnesses intended to be called at trial.  Only those expert witnesses identified by name shall be permitted to testify. |
| 50 days | Defendants shall furnish opposing counsel with a written report from each expert intended to be called at trial.  Within the fourteen (14) day period following service of each expert's written report, Defendants shall make their experts available for deposition by opposing counsel.  The experts' depositions may be conducted without further order from the Court. |
| 45 days | If Plaintiff did not initially disclose experts but Defendants elect to utilize experts and disclose them, then Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of any rebuttal expert witnesses intended to be called at trial.  Only those rebuttal expert witnesses identified by name shall be permitted to testify. |
| 40 days | Plaintiff shall furnish opposing counsel with a written report from each rebuttal expert intended to be called at trial.  Within the fourteen (14) day period following service of each expert's report, Plaintiff shall make the expert available  for deposition by Defendants.  The experts' depositions may be conducted without further order from the Court. |
| Note: | These provisions pertaining to expert witnesses do not apply to treating physicians, psychologists or other health providers. |
| 40 days | All summary judgment and other dispositive motions must be filed. |

| 35 days | All discovery must be completed. |
| Note: | In the event that there are any unresolved discovery motions pending fifteen (15) days prior to this date, the moving party shall immediately advise the Court of all such unresolved motions together with their status. |
| 15 days | All motions in limine and other pretrial motions must be filed. |
| 7 days | Joint Pretrial Stipulation must be filed. |
| 7 days | Proposed Findings of Fact and Conclusions of Law must be filed. |

9.      If the case is settled, counsel are directed to inform the Court promptly at (305) 523-5520 and to submit a stipulation for dismissal signed by all parties together with an appropriate Order of Dismissal, pursuant to Fed. R. Civ. P. 41 (a) (1).  Such stipulation and order must be filed within fifteen (15) days of notification of settlement to the Court.  To be excused from calendar call, the required stipulation and order must be filed at least forty-eight (48) hours before calendar call.

10.      The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions.  The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the time set for completing discovery, for hearing a motion, or for trial.  Stipulations that would so interfere may be made only with the Court's approval.  *See* Fed. R. Civ. P. 29.  **This Order does not alter the parties' obligations to meet and make initial disclosures under Fed. R. Civ. P. 26.  The parties need not, however, file any proposed scheduling orders under Fed. R. Civ. P. 16.**

11.      At least ninety (90) days prior to the calendar call the parties shall select a mediator certified under Local Rule 16.2.B, shall schedule a time, date, and place for mediation, and shall jointly file a proposed order scheduling mediation in the form specified by Local Rule 16.2.H.  If the parties cannot agree on a mediator, they shall notify the clerk in writing as soon as possible and the Clerk shall designate a certified mediator on a blind rotation basis.  Counsel for all parties shall familiarize themselves with and adhere to all provisions of Local Rule 16.2.  The parties shall complete mediation at least forty-five (45) days prior to the calendar call.  The

parties shall report to the Court the results of mediation within forty-eight (48) hours of completing mediation.

12.     The parties shall each file a Certificate of Interested Persons and Corporate Disclosure Statement, which shall contain a complete list of **any and all** persons, associated persons, firms, partnerships, and/or corporations that have a financial interest in the outcome of this case, including subsidiaries, conglomerates, affiliates, parent corporations, and other identifiable legal entities related to a party.  **Note: This includes any party who receives a fee for services rendered in relation to this litigation.**   The parties shall take notice that this disclosure obligation exceeds the scope of that required by Rule 7.1 of the Federal Rules of Civil Procedure.   However, if a party is a publicly-traded corporation, that party is directed to so state and need not provide more information than is required by Rule 7.1.

The parties shall have **fifteen (15) days from the date of this Order** to file the original Certificate.  Throughout the pendency of this action, the parties shall remain under a continuing duty to amend, correct, and update the Certificate.

13.     Pursuant to 28 U.S.C. § 636 and this District's Magistrate Rules, all discovery motions filed  in this case are referred to the Magistrate Judge. The parties shall follow the attached discovery procedures for Magistrate Judge Chris McAliley.  **It is the responsibility of the parties in this case to indicate the name of the Magistrate Judge on all motions and related papers referred by this order in the case number caption (CASE NO.:  17–CV–24117–HUCK/McAliley).**

DONE AND ORDERED in Chambers, Miami, Florida, on November 27, 2017.

Paul C. Huck
United States District Judge

**Copies furnished to:**
Magistrate Judge Chris McAliley
All Counsel of Record

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### DISCOVERY PROCEDURES FOR
### MAGISTRATE JUDGE CHRIS McALILEY

The following discovery procedures apply to all civil cases assigned to United States District Judge Paul C. Huck.

Counsel **must** actually confer (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes **before** seeking court intervention.

Magistrate Judge McAliley will hold a discovery calendar every Wednesday morning at 9:30 a.m. at the C. Clyde Atkins United States Courthouse, 301 North Miami Avenue, Sixth Floor, Miami, Florida, at which time she will address any disputes that were noticed no later than the previous Friday, consistent with the requirements set forth in the following paragraph.

If, after conferring, the parties are unable to resolve their discovery disputes without Court intervention, the moving party shall file a notice that briefly sets forth the nature of the dispute, without argument, and sets the matter on the discovery calendar for the following week. The movant shall include a certificate of good faith that complies with S.D. Fla. L. R. 7.1 (a)(3). If written discovery requests are in dispute, the moving party shall set forth in the notice each disputed request with the corresponding response immediately thereafter.

These procedures do not relieve parties from the requirements of the Federal Rules of Civil Procedure or Local Rules of this Court except as noted above.

The parties shall immediately notify chambers, at (305) 523-5890, in advance of the hearing, if they resolve some or all of the issues in dispute.

The Court will not consider any discovery dispute that does not comply with these procedures. The Court may impose sanctions, monetary or otherwise, if the Court determines discovery is being improperly sought or is being withheld in bad faith.