UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  1:17-cv-24117-PCH

GAYNISHA WILLIAMS, NATHANAEL MARS,
SHANNON DANIELS, LAKEISHA CHATFIELD,
and LAKEISHA CHATFIELD ON BEHALF OF
HER MINOR DAUGHTER T.C.,

      Plaintiffs,

vs.

MIAMI BEVERLY, LLC, LIBERTY
APARTMENTS, LLC, FREEDOM
APARTMENTS, LLC, DENISE VAKNIN,
and ABRAHAM VAKNIN,

      Defendants.

_____/

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

The Defendants, MIAMI BEVERLY, LLC, LIBERTY APARTMENTS, LLC, FREEDOM APARTMENTS, LLC, DENISE VAKNIN and ABRAHAM VAKNIN, by and through the undersigned counsel, hereby file their Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint, as follows:

1.      The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

## PARTIES AND VENUE

2.      Admit for jurisdictional purposes only; otherwise denied.

**<u>Defendants</u>**

3.     Admit Miami Beverly owns real property at 6040 NW 12 Avenue, Miami, Florida; otherwise denied.

4.     Admitted.

5.     Denied.

6.     Admit Freedom Apartments is an administratively dissolved company; otherwise denied.

7.     Denied.

8.     Denied.

9.     Denied.

10.    Admitted.

11.    Admitted.

***<u>Long Arm Jurisdiction</u>***

12.    Admit for jurisdictional purposes only; otherwise denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

***<u>Minimum Contacts</u>***

17.    Admit for jurisdictional purposes only; otherwise denied.

18.    Admit for jurisdictional purposes only; otherwise denied.

19.    Admit for jurisdictional purposes only; otherwise denied.

20.    Admit for jurisdictional purposes; otherwise denied.

21.     Admit for jurisdictional purposes; otherwise denied.

22.     Admit for jurisdictional purposes; otherwise denied.

23.     Admit the City of Miami filed a lawsuit; otherwise denied.

24.     The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

25.     The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is mere conclusory statement.  Admit the City of Miami filed a lawsuit; otherwise denied.

26.     The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement.  Admit the City of Miami filed a lawsuit; otherwise denied.

27.     The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement.  Admit a receiver was appointed in a lawsuit filed by the City of Miami; otherwise denied.

28.     The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement.  Admit a receiver was appointed in a lawsuit filed by the City of Miami; otherwise denied.

29.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements.  Admit a receiver was appointed in a lawsuit filed by the City of Miami; otherwise denied.

30.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements.  Admit a receiver was appointed in a lawsuit filed by the City of Miami; otherwise denied.

31.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements.  Admit a receiver was appointed in a lawsuit filed by the City of Miami; otherwise denied.

32.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements.  Admit a receiver was appointed in a lawsuit filed by the City of Miami; otherwise denied.

**<u>Plaintiffs</u>**

33.     Without knowledge, therefore denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Without knowledge; therefore denied.

39.     Denied.

40.     Without knowledge; therefore denied.

41.     Denied.

42.     Admit venue in Miami-Dade County, Florida; otherwise denied.

43.     Denied.

## **GENERAL FACTS**

44.     Admit Miami Beverly, LLC owns real property located at 6040 NW 12 Avenue, Miami, FL; otherwise denied.

45.     Admit real property located at 6040 NW 12 Avenue, Miami, FL has apartments; otherwise denied.

46.     Admit Miami Beverly, LLC owns real property located at 6040 NW 12 Avenue, Miami, FL; otherwise denied.

47.     Denied.

48.     Admit Miami Beverly, LLC owns property at 6040 NW 12 Avenue, Miami, FL and that a receiver has been appointed in a lawsuit filed by the City of Miami; otherwise denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

**Code Violations**

54.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

55.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

56.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements.  Admit the City of Miami Municipal Code; otherwise denied.

57.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

58.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

59.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

60.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

61.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements.  Admit Florida Statutes; otherwise denied.

62.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements.  Admit Florida Statutes; otherwise denied.

63.     Without knowledge, therefore denied.

64.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

65.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements.  Admit the City of Miami Municipal Code; otherwise denied.

66.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

67.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements.  Admit that the City of Miami filed a lawsuit; otherwise denied.

**Personal Liability of DENISE VAKNIN and ABRAHAM VAKNIN**

68.     Denied.

69.     Admit that Mr. and Mrs. Vaknin were members of Miami Beverly, LLC in 2009; otherwise denied.

70.     Admit that Mrs. Vaknin is a managing member of Miami Beverly, LLC since 2010; otherwise denied.

71.     Admit that Daniel Rubenstein is a managing member of Miami Beverly, LLC since February 26, 2017; otherwise denied.

72.     Denied.

73.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements.  Admit that Miami Beverly, LLC was administratively dissolved on December 19, 2011; otherwise denied.

74.     The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement.  Admit that Miami Beverly, LLC filed a reinstatement on March 6, 2012; otherwise denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Admit that Freedom Apartments, LLC was administratively dissolved on September 23, 2016; otherwise denied.

79.     Admit that Miami Beverly, LLC filed a reinstatement on October 18, 2016; otherwise denied.

80.     Denied.

81.     Denied.

82.     Admit an Affidavit would state what it states; otherwise denied.

83.     Admit an Affidavit would state what it states; otherwise denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

88.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

89.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

90.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

91.     Without knowledge; therefore denied.

## FACTS FOR GAYNISHA WILLIAMS AND HER SON, NATHANAEL MARS

92.     Denied.

93.     Without knowledge; therefore denied.

94.     Admit Exhibit 6; otherwise denied.

95.     Admit Exhibit 6; otherwise denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.     Without knowledge, therefore denied.

101.     Without knowledge, therefore denied.

102.     Without knowledge, therefore denied.

103.     Without knowledge, therefore denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

110.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

111.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

112.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

113.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

114.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

115.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

116.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

117.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

118.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

119.    Denied.

120.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

121.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

122.    Without knowledge whether Rebecca Schram drafted a letter.  Denied same was properly served; otherwise denied.

123.    Denied.

124.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

125.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

126.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

127.    Denied.

128.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

## FACTS FOR SHANNON DANIELS

133.    Without knowledge; therefore denied.

134.    Admit Exhibit 11; otherwise denied.

135.    Without knowledge; therefore denied.

136.     The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

137.     The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

138.     Without knowledge; therefore denied.

139.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

140.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

141.     Without knowledge whether Rebecca Schram drafted a letter.  Denied same was properly served; otherwise denied.

142.     Admit Exhibit 11; otherwise denied.

143.     Denied.

144.     The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

145.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

146.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

147.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

148.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

149.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

150.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

151.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

### FACTS FOR LAKEISHA CHATFIELD AND HER MINOR DAUGHTER, T.C.

152.     Without knowledge, therefore denied.

153.     Without knowledge; therefore denied.

154.     Denied.

155.     Denied.

156.   The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

157.   The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

158.   The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

159.   The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

160.   The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

161.   The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

162.   The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

163.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

164.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

165.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

166.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

167.    Without knowledge whether Rebecca Schram drafted a letter.  Denied same was properly served; otherwise denied.

168.    Without knowledge; therefore denied.

## CLAIMS FOR RELIEF
## FOR GAYNISHA WILLIAMS AND HER SON, NATHANAEL MARS

### Count I: Violation of Fla. Stat. Sec. 83.51:
### Breach of Warranty of Habitability

169.    Defendants restate their responses to paragraphs 1 through 132 as if fully set forth herein.

170.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement.  Admit Florida Statutes; otherwise denied.

-16-

171.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement.  Admit Florida Statutes; otherwise denied.

172.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement.  Admit Florida Statutes; otherwise denied.

173.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

174.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

175.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

176.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

177.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

All allegations not specifically admitted are hereby denied.

## COUNT II: VIOLATION OF FLA. STAT. SEC. 83.67(1)
## WATER AND ELECTRICITY SHUT-OFFS/ INADEQUATE GARBAGE COLLECTION

178.    Defendants restate their responses to paragraphs 1 through 132 as fully set forth herein.

179.    Denied.

180.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement.  Admit Florida Statutes; otherwise denied.

181.    Denied.

182.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

183.    Denied.

184.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

185.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

186.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

187.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

188.    Denied.

189.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement.  Admit Florida Statutes; otherwise denied.

 All allegations not specifically admitted are hereby denied.

## COUNT III: GROSS NEGLIGENCE FOR NATHANAEL MARS

190.    Defendants restate their responses to paragraphs 1through 132 as fully set forth herein.

191.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and recites Florida law.  Admit Florida law; otherwise denied.

192.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and recites Florida law.  Admit Florida law; otherwise denied.

193.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and recites Florida law.  Admit Florida law; otherwise denied.

194.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and recites Florida law.  Admit Florida law; otherwise denied.

195.    Denied.

196.    Denied.

197.    Denied.

198.    Denied.

199.    Denied.

200.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

201.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

202.    Without knowledge; therefore denied.

203.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

204.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

All allegations not specifically admitted are hereby denied.

## COUNT IV: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

205.    Defendants restate their responses to paragraphs 1 through 132, and 169 through 204 as if fully set forth herein.

206.     The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and recites Florida law.  Admit Florida law; otherwise denied.

207.     Denied.

208.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

209.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

210.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

211.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

All allegations not specifically admitted are hereby denied.

**COUNT V: VIOLATION OF FLA. STAT. SEC. 83.44**
**VIOLATION OF OBLIGATION OF GOOD FAITH**

212.     Defendants restate their responses to paragraphs 1 through 132, and 169 through 211 as if fully set for herein.

213.     Denied.

214.     Denied.

215.     Denied.

216.    Denied.

217.    Denied.

218.    Denied.

All allegations not specifically admitted are hereby denied.

## <u>COUNT VI: VIOLATION OF FLORIDA'S DECEPTIVE<br>AND UNFAIR TRADE PRACTICES ACT</u>

219.    Defendants restate their responses to paragraphs 1 through 132 as if fully set for herein.

220.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and references Florida law.  Admit Florida law; otherwise denied.

221.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and references Florida law.  Admit Florida law; otherwise denied.

222.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and references Florida law.  Admit Florida law; otherwise denied.

223.    Admit Exhibit 6; otherwise denied.

224.    Denied.

225.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and references Florida law.  Admit Florida law; otherwise denied.

226.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

227.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

228.    Denied.

229.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

230.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.  Admit Florida Statutes; otherwise denied.

231.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and recites Florida law.  Admit Florida Statutes, otherwise denied.

All allegations not specifically admitted are hereby denied.

## CLAIMS FOR RELIEF
## FOR SHANNON DANIELS

### COUNT VII: VIOLATION OF FLA. STAT. SEC. 83.51
### BREACH OF WARRANTY OF HABITABILITY

232.    Defendants restate their responses to paragraphs 1 through 91, and 133 through 151 as if fully set forth herein.

233.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and recites Florida law.  Admit Florida Statutes, otherwise denied.

234.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and recites Florida law.  Admit Florida Statutes, otherwise denied.

235.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and recites Florida law.  Admit Florida Statutes, otherwise denied.

236.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

237.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

238.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

239.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

240.     The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

All allegations not specifically admitted are hereby denied.

### COUNT VIII: VIOLATION OF FLA. STAT. SEC. 83.67(1)
### WATER SHUT-OFF AND INADEQUATE GARBAGE COLLECTION

241.     Defendants restate their responses to paragraphs 1 through 91, and 133 through 151 as if fully set forth herein.

242.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and recites Florida law.  Admit Florida Statutes; otherwise denied.

243.     Denied.

244.     Denied.

245.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

246.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

247.     Denied.

248.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and recites Florida law.  Admit Florida law; otherwise denied.

All allegations not specifically admitted are hereby denied.

### COUNT IX: VIOLATION OF FLA. STAT. SEC. 83.44
### VIOLATION OF OBLIGATION OF GOOD FAITH

249.    Defendants restate their responses their responses to paragraphs 1 through 91, and 133 through 151 as if fully set forth herein.

250.   Denied.

251.   Denied.

252.   Denied.

253.   Denied.

All allegations not specifically admitted are hereby denied.

### COUNT X: VIOLATION OF FLORIDA'S DECEPTIVE
### AND UNFAIR TRADE PRACTICES ACT

254.   Defendants restate their responses to paragraphs 1 through 91 and 133 through 151 as if fully set forth herein.

255.   The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida law; otherwise denied.

256.   The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida law; otherwise denied.

257.   The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and recites Florida law.  Admit Florida law; otherwise denied.

258.   Admit Exhibit 11; otherwise denied.

259.   Denied.

260.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and recites Florida law.  Admit Florida law; otherwise denied.

261.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

262.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

263.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

264.    Denied.

265.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida law; otherwise denied.

266.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida Statutes; otherwise denied.

267.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida Statutes; otherwise denied.

All allegations specifically not admitted are hereby denied.

## COUNT XI: NEGLIGENT INFLICTION OF EMOTION DISTRESS

268.    Defendants restate their responses to paragraphs 1 through 1, 133 through 151, and 241 through 248 as if fully set forth herein

269.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida law; otherwise denied.

270.    Denied.

271.    Denied.

All allegations not specifically admitted are hereby denied.

### CLAIMS FOR RELIEF
### FOR LAKEISHA CHATFIELD AND HER MINOR DAUGHTER T.C.

### COUNT XII: VIOLATION OF FLA. STAT. SEC. 83.51
### BREACH OF WARRANTY OF HABITABILITY

272.    Defendants and restate their responses to paragraphs 1 through  91, and 152 through 168 as if fully set forth herein.

273.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida Statutes; otherwise denied.

274.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida Statutes; otherwise denied.

275.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida Statutes; otherwise denied.

276.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

277.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

278.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

279.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

280.    Denied.

All allegations not specifically admitted are hereby denied.

## COUNT XIII: VIOLATION OF FLA. STAT. SEC. 83.61(1) INADEQUATE GARBAGE COLLECTION

281.    Defendants and restate their responses to paragraphs 1 through  91, and 152 through 168 as if fully set forth herein.

282.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites to Florida law.  Admit Florida Statutes; otherwise denied

283.    Denied

284.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

285.     Denied.

286.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida Statutes; otherwise denied.

All allegations not specifically admitted are hereby denied.

## COUNT XIX: GROSS NEGLIGENCE

287.     Defendants restate their responses to paragraphs 1 through 91, and 152 through 168 as if fully set forth herein.

288.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida law; otherwise denied.

289.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida law; otherwise denied.

290.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida law; otherwise denied.

291.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida law; otherwise denied.

292.    Denied.

293.    Denied.

294.    Denied.

295.    Denied.

296.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

297.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

298.    Without knowledge; therefore denied.

299.    Without knowledge; therefore denied.

300.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

301.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

All allegations not specifically admitted are hereby denied.

### **COUNT XX: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

302.    Defendants restate their responses to paragraphs 1 through 91, 152 through 168, and 287 through 301 as if fully set forth herein.

303.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida law; otherwise denied.

304.     Denied.

305.     Without knowledge therefore denied.

306.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

307.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied..

308.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

All allegations not specifically admitted are hereby denied.

## **COUNT XXI: VIOLATION OF FLA. STAT. SEC. 83.44**
## **VIOLATION OF OBLIGATION OF GOOD FAITH**

309.     Defendants restate their responses to paragraphs 1 through 91, and 152 through 168 as if fully set forth herein.

310.     Denied.

311.     Denied.

312.     Denied.

313.     Denied.

All allegations not specifically admitted are hereby denied.

## COUNT XXII: VIOLATION OF FLORIDA'S DECEPTIVE
## AND UNFAIR TRADE PRACTICES ACT

314.    Defendants restate their responses to paragraphs 1 through 91, and 152 through 168 as if fully set forth herein.

315.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida Statutes; otherwise denied.

316.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida Statutes; otherwise denied.

317.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida Statutes; otherwise denied.

318.    Denied.

319.    Denied.

320.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida law; otherwise denied.

321.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

322.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

323.   The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

324.   Denied.

325.   The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida law; otherwise denied.

326.   The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites Florida law.  Admit Florida Statutes; otherwise denied.

All allegations not specifically admitted are hereby denied.

## COUNT XXIII: VIOLATION OF FAIR HOUSING ACT

327.   The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief.  Defendants restate their responses to paragraphs 1 through 326 as if fully set forth herein.

328.   Admit for jurisdictional purposes only; otherwise denied.

329.   The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites the Fair Housing Act.  Admit the Fair Housing Act; otherwise denied.

330.   The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites the Fair Housing Act.  Admit the Fair Housing Act; otherwise denied.

331.    The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and cites the Fair Housing Act and federal law. Admit the Fair Housing Act and federal law; otherwise denied.

332.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

333.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

334.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

335.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement.  Admit the Fair Housing Act; otherwise denied.

336.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and cites federal law.  Admit the Fair Housing Act and federal law; otherwise denied.

337.    The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and cites the Fair Housing Act and federal law. Admit the Fair Housing Act and federal law; otherwise denied.

338.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

339.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

340.     The allegation contained in this paragraph does not constitute a short, plain statement of fact entitling plaintiffs to relief and is a mere conclusory statement; therefore denied.

341.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

342.     The allegations contained in this paragraph do not constitute a short, plain statement of fact entitling plaintiffs to relief and are mere conclusory statements; therefore denied.

343.     Denied.

All allegations not specifically admitted are hereby denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs fail to allege short, plain statements of fact entitling them to relief, and instead, allege mere conclusory statements in an effort to support their purported claims.

## SECOND AFFIRMATIVE DEFENSE

A receiver has been court appointed over the subject property and oversees management and control over the property.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs breached the subject leases.

## FOURTH AFFIRMATIVE DEFENSE

Defendants either owed no duty to the Plaintiffs or if the duty was owed, did not violate the same.

## FIFTH AFFIRMATIVE DEFENSE

Defendants were unaware of any foreseeable harm, and/or did not act negligently.

## SIXTH AFFIRMATIVE DEFENSE

Defendants did not violate The Fair Housing Act.

## SEVENTH AFFIRMATIVE DEFENSE

Any harm suffered by the Plaintiffs was due to their own conduct, or by the conduct of third parties.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants did not engage in interstate commerce.

Defendants reserve their right to amend these Affirmative Defenses.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint with prejudice, award the Defendants their attorney's fees and costs pursuant to statute, and grant such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,
ANDERSON LAW GROUP

/s/ Layla K. McDonald
Layla K. McDonald, Esq.
Florida Bar No.: 011308
13577 Feather Sound Dr., Suite 500
Clearwater, FL  33762
Telephone:  (727) 329-1999
Facsimile:  (727) 329-1499

Email:  lmcdonald@floridalawpartners.com
Email:  eserve@floridalawpartners.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of March, 2018, I *caused the foregoing to be* electronically filed with the Clerk of the Court using CM/ECF *which will provide electronic notice of such filing to all counsel of record.*

*Legal Services of Greater Miami, Inc.*
Rebecca Parsons Schram, Esq.
Jeffrey Hearne, Esq.
3000 Biscayne Blvd, Suite 500
Miami, FL, 33137
RSchram@legalservicesmiami.org
PBerrios@legalservicesmiami.org

Renee M. Smith, Esq.
9000 Las Vegas Boulevard S.
Unit 2291
Las Vegas, NV  89123
renee@smithtitleservices.com

*Community Justice Project, Inc.*
Charles Elsesser, Esq.
Alana Greer, Esq.
3000 Biscayne Blvd, Suite 102
Miami, FL 33137
Charles@floridalegal.org
Alana@communityjusticeproject.com

*Hughes Hubbard & Reed, LLP*
Jeffrey Goldberg, Esq.
201 S. Biscayne Boulevard, Suite 2500
Miami, FL  33131
Charles@communityjusticeproject.com
Alana@communityjusticeproject.com

/s/ Layla K. McDonald
Layla K. McDonald, Esq.
Florida Bar No.: 011308